UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAN GROH, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 07-6836 |
| TRAVELERS INSURANCE COMPANY, ET AL | SECTION "L" (4) |

### ORDER AND REASONS

Pending before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiffs' motion is GRANTED.

I.   BACKGROUND

This case arises out of damage to the Plaintiffs' residence resulting from Hurricane Katrina. On August 27, 2007, the Plaintiffs, Jan and Eric Groh, filed suit in Civil District Court for the Parish of Orleans, Louisiana, against their insurers, Travelers Insurance Company and the Automobile Insurance Company of Hartford, Connecticut. In their state court petition, the Plaintiffs stipulated to renounce and waive entitlement to the right to accept or enforce a judgment in excess of $75,000, exclusive of costs and expenses. Specifically, Paragraph 2 of the Plaintiffs' complaint states that:

> PLAINTIFFS HEREBY STIPULATE THAT ALL CLAIMS RAISED IN THIS PETITION DO NOT EXCEED THE VALUE OF $75,000 EXCLUSIVE OF COSTS AND INTEREST AND PLAINTIFFS WAIVE THEIR RIGHT TO COLLECT ANY AMOUNT IN EXCESS OF $75,000 EXCLUSIVE OF COSTS AND EXPENSES FROM ANY JUDGMENT OR AWARD.

Compl. ¶ 2.

On October 15, 2007, the Defendants removed the case, alleging that diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.  On September 12, 2008, the Plaintiffs filed a motion to remand the case.  The Plaintiffs do not contest that diversity exists between the parties.  Rather, the Plaintiffs instead argue that the Defendants cannot show that the amount-in-controversy requirement is satisfied because the stipulation precludes recovery in excess of $75,000, exclusive of costs and expenses.

## II.   LAW & ANALYSIS

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  The district court must remand a removed case if at any time before final judgment it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(a).  In opposing a motion to remand, the removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was therefore proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that a district court shall have jurisdiction over any civil action in which the parties are of completely diverse citizenship

and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  In Louisiana state court, plaintiffs are prohibited from pleading specific dollar amounts of damages in their petitions for relief.  La. Code Civ. Proc. art. 893.  As a result, when a complaint or petition contains no specific amount of damages, defendants seeking removal to federal court have the burden to establish the requisite amount in controversy by a preponderance of the evidence.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In this Circuit, defendants may establish the amount in controversy in one of two ways: 1) by demonstrating that it is facially apparent that the claims exceed $75,000; or, 2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."  *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

 The Defendants argue that they have successfully demonstrated that the amount in controversy exceeds $75,000 because: 1) Plaintiffs' petition states that their home was "significantly damaged"; 2) Plaintiffs seek penalties and attorneys' fees; 3) Plaintiffs' policy limits total $180,200; and 4) Plaintiffs' home had four feet of water in flooding.  *See Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 869 (5th Cir. 2002) (explaining that attorneys' fees and penalties may be aggregated for purposes of determining whether the amount-in-controversy is met).   In response, the Plaintiffs argue that, regardless of whether the Defendants have met their burden, the Plaintiffs have affirmatively waived the right to collect any award in excess of $75,000, exclusive of costs and expenses, thereby depriving this Court of subject matter jurisdiction over the case.

 According to Fifth Circuit precedent, once a defendant shows that the amount in

controversy is greater than the jurisdictional limit, a plaintiff may only overcome a presumption of jurisdiction by showing that, "as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).  It is generally accepted that "a binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction...." *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, (5th Cir. 2001).  The Plaintiffs argue that the stipulation in their state court petition is sufficiently clear and binding to defeat diversity jurisdiction.  In response, the Defendants argue that the Plaintiffs' stipulation is insufficient because it excludes expenses and does not affirmatively bind the Plaintiffs to its terms.

This Court has already considered at least one identical stipulation in the context of a similar motion for remand.  *See Real T, LLC v. State Farm Fire & Cas. Co.*, No. 07-8754, 2008 WL 4974862 (E.D. La. 11/14/08) (granting motion to remand based on identical stipulation contained in plaintiff's state court petition); *see also Tervalon v. State Farm Fire & Cas. Co.*, No. 07-8752, 2008 WL 4657274 at *2 (finding that the plaintiff's stipulation that "all causes of action herein do not exceed $75,000" counseled in favor of remand); *Hatcher v. Colonial Penn Life Ins. Co.*, No. 05-377, 2006 WL 197031 at *2-3 (E.D. La. Jan. 24, 2006) (holding that remand was appropriate given the plaintiff's stipulation "that he will neither seek nor accept an award of damages in excess of $75,000, exclusive of interest and costs, for any or all injuries, damages, claims, or causes of action").  Examining a stipulation identical to the one in the instant case, the court in *Real T* described the main jurisdictional issue as "whether a binding disclaimer to collect 'any amount' is sufficiently clear as to damages and attorneys' fees" such

-4-

that the plaintiffs can prove to a legal certainty that the amount in controversy will not exceed $75,000. 2008 WL 4974862, at *4. In holding that the stipulation effectively precluded recovery in excess of $75,000, including attorney's fees and penalties, the court explained:

> The word "any" is not a term of art such that it might be thought inclusive of all recompense save attorneys' fees; nor do the waivers which the Court has thus far found acceptable typically make explicit reference to attorneys' fees or penalties. While the waiver in *Hatcher* more fully expounded upon the "binding and irrevocable" nature of the document and repudiated any right to "seek and accept" an award greater than $75,000, there is nothing to suggest these recitations are strictly necessary when the scope of the stipulation can be understood within its normal reading. In contrast, the *Tervalon* Court found acceptable the mere statement that, "all causes of action herein do not exceed $75,000."
> The stipulation in question was properly brought within the original Petition. It is sufficiently binding upon the Plaintiff such that it voluntarily, permanently, and irrevocably waives any potential right to seek, collect, or enforce damages in excess of $75,000 inclusive of all actual damages, attorneys' fees and penalties; and is solely exclusive of fees and costs as required by statute. Remand is proper under 28 U.S.C. § 1447(c).

*Id.* at * 4-5 (internal citations omitted). As a result of its findings, the court granted the plaintiff's motion to remand. *Id.*

Turning to the instant case, the Court finds that the Plaintiffs' stipulation is sufficiently clear and binding to limit the amount in controversy such that the jurisdictional requirements of 28 U.S.C. § 1332 cannot be met. In reaching this conclusion, the Court agrees with the reasoning in *Real T* and finds that the Plaintiffs' waiver of the right to collect "any amount in excess of $75,000, exclusive of costs and expenses" effectively waives any of the Plaintiffs' potential rights "to seek, collect, or enforce damages in excess of $75,000 inclusive of all actual damages, attorneys' fees and penalties; and is solely exclusive of fees and costs as required by statute." *See id.* Accordingly, the Court must remand the case. 28 U.S.C. § 1447©.

## III.    CONCLUSION

For the reasons stated above, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec. Doc. 7) is GRANTED.  The case is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 10th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE